**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JERON DEANGELO NEAL #01945286** | § | |
| | § | |
| **V.** | § | **A-25-CV-02148-RP** |
| | § | |
| **JULIE H. KOCUREK,** | § | |
| **et al.** | § | |

## ORDER

Before the Court is Plaintiff's *pro se* civil-rights complaint. The Court granted Plaintiff leave to proceed *in forma pauperis*. After consideration of Plaintiff's complaint, it is dismissed.

### STATEMENT OF THE CASE

At the time he filed his complaint, Plaintiff was incarcerated in the Ramsey 1 Unit of the Texas Department of Criminal Justice. Public records indicate Plaintiff was convicted of two counts of aggravated robbery with a deadly weapon. He was sentenced to 22.5 years in prison on March 5, 2014. Plaintiff challenged his convictions in a state application for habeas corpus relief on or about August 11, 2025. On December 18, 2025, the Texas Court of Criminal Appeals denied Plaintiff's habeas corpus application without written order. *Ex parte Neal*, Appl. No. 96,799-03.

Plaintiff sues Judge Julie H. Kocurek, Travis County Assistant District Attorneys Monica Flores and Steve Bland, and former Travis County District Attorney Rosemary Lehmberg. He seeks $5 million in damages. Plaintiff accuses the defendants of "abusing their authority holding Mr. Neal captive his will." Plaintiff claims he was bamboozled in his criminal proceedings and framed at trial. Plaintiff claims Lehmberg was guilty of her own misconduct and abused her authority as District

1

Attorney. He additionally claims Judge Kocurek failed to take a competency report into consideration. According to Plaintiff, he proceeded to a jury trial while he was incompetent. Plaintiff asserts he has served 13 years of his sentence and has been assaulted multiple times in prison.

DISCUSSION AND ANALYSIS

1.    Legal Standard

When an inmate seeks redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (*per curiam*). If a plaintiff is proceeding IFP, his complaint is also subject to screening under § 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact, i.e., when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard requires more than the mere possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

2

All well–pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Although "detailed factual allegations," are not required, "more than an unadorned, the–defendant–unlawfully–harmed–me accusation" is. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* And although a court must construe a pro se's allegations liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

2.    Section 1983

Section 1983 provides a cause of action to individuals whose federal rights have been violated by those acting under color of state law. *Doe v. Dall. Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). Section 1983 is not itself a source of substantive rights; rather, it merely provides a method for vindicating federal rights conferred elsewhere. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994). In order to state a claim under Section 1983, a plaintiff must (1) allege a violation of rights guaranteed by the United States Constitution or federal law, and (2) demonstrate the alleged deprivation was committed by a person acting under color of state law. *Doe*, 153 F.3d at 215. Further, "a plaintiff bringing a section 1983 action must specify the personal involvement of each defendant." *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992).

3.      Eleventh Amendment Immunity

Plaintiff's claims seeking monetary relief against the defendants in their official capacities are barred by Eleventh Amendment Immunity. When acting in their official capacities, Texas district attorneys are considered agents of the state, who are immune from claims for damages under the Eleventh Amendment. *Neinast v. Texas*, 217 F.3d 275, 280 (5th Cir. 2000); *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997); *Quinn v. Roach*, 326 Fed. Appx. 280, 292–293 (5th Cir. May 4, 2009). Texas judges are also entitled to Eleventh Amendment immunity. *See Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 228 (5th Cir. 2009) ("Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacities as state actors."). Therefore, Plaintiff's claims against Defendants in their official capacities for monetary damages are barred.

4.      Judicial Immunity

Plaintiff's claims seeking monetary relief against Judge Kocurek in her individual capacity are barred by judicial immunity. It is well settled law that a judge enjoys absolute immunity from liability for damages for judicial acts performed within her jurisdiction. *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. *Mireless v. Waco*, 502 U.S. 9, 11 (1991). Motive of the judicial officer is irrelevant when considering absolute immunity. *See Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) ("The judge is absolutely immune for all judicial acts not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive.").

Absolute judicial immunity is overcome in only two rather narrow sets of circumstances: first, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity, and second, a judge is not immune for actions, though judicial in nature, taken in

4

complete absence of all jurisdiction. *Mireless*, 502 U.S. at 11-12. "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (quoting *Mireless*, 502 U.S. at 12). In the case at bar, Plaintiff does not complain of any actions taken by Judge Kocurek that were nonjudicial in nature nor does he show that she was acting in the clear absence of all jurisdiction.

   5. <u>Prosecutorial Immunity</u>

Plaintiff's claims against the prosecutors in their individual capacities for monetary damages are barred by prosecutorial immunity. Prosecutors are absolutely immune from liability under the federal civil rights statutes with regard to actions taken by them within the course and scope of representing the governmental agencies and subdivisions in judicial proceedings. Under the doctrine of prosecutorial immunity, a prosecutor is absolutely immune in a civil rights lawsuit for any action taken in connection with a judicial proceeding. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Burns v. Reed*, 500 U.S. 478, 487-92 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 427-31 (1976). "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protection of absolute immunity." *Boyd*, 31 F.3d at 285 (quoting *Buckley v. Fitzsimmons*, 509 U.S. at 273). Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. *Boyd*, 31 F.3d at 285; *Graves v. Hampton*, 1 F.3d 315, 318 (5th Cir. 1993). Thus, a prosecutor is immune from civil rights liability for actions taken in connection with a judicial proceeding, even if taken maliciously. *Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991); *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987).

The Court recognizes that not all prosecutorial functions are protected. In *Imbler*, the Court declared that absolute immunity applied to a prosecutor's actions in "initiating a prosecution and in presenting the State's case." *Imbler*, 424 U.S. at 431. This immunity protected the alleged knowing use of false testimony at trial and the alleged deliberate suppression of exculpatory evidence. In *Imbler*, the Court left open the issue of whether absolute immunity applied to administrative or investigative acts. However, in *Burns*, the Court answered that question, stating that absolute immunity does not apply to investigative or administrative acts performed by prosecutors. *Burns*, 500 U.S. at 493.

Plaintiff does not allege any actions taken by Defendants Flores or Bland that were outside the course and scope of representing the Travis County District Attorney's Office in Plaintiff's criminal proceedings and does not alleges any personal involvement on the part of Defendant Lehmberg. Therefore, Plaintiff's claims against Defendants Flores, Bland, and Lehmberg in their individual capacities for monetary damages are frivolous and barred by prosecutorial immunity.

6. *Heck* Bar

Alternatively, because a ruling in Plaintiff's favor "would necessarily imply the invalidity" of his conviction, his claims are not cognizable under Section 1983. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). "In *Heck*, the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983." *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (per curiam) (citing *Heck*, 512 U.S. at 486-87).

Here, Plaintiff does not satisfy the *Heck* favorable termination requirement.  Therefore, unless and until his conviction is called into question by a federal writ of habeas corpus, Plaintiff cannot maintain a civil action for damages, declaratory or injunctive relief that essentially seeks to undermine his conviction.  Accordingly, Plaintiff's complaint is dismissed with prejudice as frivolous until such time as he satisfies the conditions set forth in *Heck*.  *See Cook v. City of Tyler, Tex.*, 974 F.3d 537 (5th Cir. 2020) (per curiam) ("[P]laintiffs may reassert their claims upon satisfying the *Heck* conditions but may not otherwise develop the claims 'until' those conditions are met."); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (finding *Heck* barred claims are legally frivolous).

It is therefore **ORDERED** that Plaintiff's claims brought against the defendants in their official capacities are **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

It is further **ORDERED** that Plaintiff's claims brought against the defendants in their individual capacities are **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further **ORDERED** that Plaintiff's claims are alternatively **DISMISSED WITH PREJUDICE** as frivolous until such time as he satisfies the conditions set forth in *Heck*.

It is finally **ORDERED** that the Clerk of Court shall e-mail a copy of the Court's order and judgment to the keeper of the three-strikes list.

**SIGNED** on January 27, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE